**2013-1625, -1631, -1632, -1633**

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

ERICSSON, INC. and
TELEFONAKTIEBOLAGET LM ERICSSON,

*Plaintiffs-Appellees*,

v.

D-LINK SYSTEMS, INC., NETGEAR, INC., ACER, INC.,
ACER AMERICA CORPORATION, and GATEWAY, INC.,

*Defendants-Appellants*,

and

DELL INC.,

*Defendant-Appellant*,

and

TOSHIBA AMERICA INFORMATION SYSTEMS, INC.
and TOSHIBA CORPORATION,

*Defendants-Appellants*,

and

INTEL CORPORATION,

*Intervenor-Appellant*,

and

BELKIN INTERNATIONAL, INC.,

*Defendant*.

Appeals from the United States District Court for the Eastern District of Texas in case no. 10-CV-0473, Chief Judge Leonard Davis.

**REPLY BRIEF FOR APPELLANT DELL INC.**

Dated: March 24, 2014

Frank G. Smith, III
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA 30309
(404) 881-7000

Respectfully submitted,

*/s/ Michael J. Newton*
Michael J. Newton
Dwayne C. Norton
Shaun W. Hassett
Alston & Bird LLP
2828 North Harwood Street, Suite 1800
Dallas, TX 75201
(214) 922-3400

*Attorneys for Defendant-Appellant Dell Inc.*

i

# CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rule 47.4, counsel of record for Defendant-Appellant Dell Inc. certify as follows:

I. The full name of every party represented by us is: Dell Inc.

II. The names of the real parties in interest represented by us are: Not applicable

III. All parent corporations and any publically held companies that own 10 percent or more of the stock of the parties by use are: Dell Inc. is a privately held corporation and its direct parent company is Denali Intermediate Inc. There is no publically held corporation owning 10% or more of its stock.

IV. The names of all law firms and the partners or associates that appeared for the parties represented by us in the trial court, or are expected to appear in this Court, are:

ALSTON & BIRD LLP: Michael J. Newton, Frank G. Smith, III, Jason W. Cook, Dwayne Norton, Shaun W. Hassett, Brady Cox, Kamran Jivani, Marsha Mullin, Stacey G. White.

THE DACUS FIRM PC: Daron Dacus, Peter Kerr, Shannon Dacus.


Dated: March 24, 2014                  /s/ Michael J. Newton
                                       Michael J. Newton

# **TABLE OF CONTENTS**

CERTIFICATE OF INTEREST ................................................................................ ii

ARGUMENT I ............................................................................................................1

ARGUMENT II ...........................................................................................................1

    A.    ERICSSON'S RESPONSE HIGHLIGHTS MATERIAL FACTS IN ISSUE ................................................................................1

    B.    DELL'S CELLULAR LICENSE WITH LM-ERICSSON IS CONSISTENT WITH THE MPA LICENSE ......................................2

ARGUMENT III ..........................................................................................................3

    A.    THE DISTRICT COURT ERRONEOUSLY EXPANDED THE ONGOING ROYALTY AWARD ...............................................3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)................................................1

*Richardson v. Oldham*, 12 F.3d 1373, 1377 (5th Cir. 1994) ......................................4

*TiVo Inc. v. EchoStar Corp.*, 646 F.3d 869 (Fed. Cir. 2011) .....................................4

*United States v. Andino-Ortega*, 608 F.3d 305 (5th Cir. 2010).................................4

Dell incorporates portions of the Primary Reply filed by Appellants Intel, Acer, Gateway, Netgear, D-Link, and Toshiba, as indicated below.[1]

## ARGUMENT I

Dell incorporates Primary Reply, Sections I-V.

## ARGUMENT II

### A. **Ericsson highlights material facts in issue**

Ericsson asserts that "a decision by the [Ericsson-AB] licensing group that they have reached impasse and would like to institute a lawsuit does not mean that group has the authority to institute a lawsuit." (Br. at 81; *but see* A6393,237:24-A6394,238:8). Another reasonable conclusion from Ericsson's observation is that Ericsson-AB *did* have the authority to commence litigation against Dell and indeed asserted that authority when it instructed LM-Ericsson to file. A reasonable jury could infer from the evidence that LM-Ericsson was acting as Ericsson-AB's agent when it sued Dell, once directed to do so by Ericsson-AB. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).[2]

---

[1] Dell maintains the same order of arguments as in its Opening Brief.

[2] Elsewhere, Ericsson argues that "merely because an employee of one corporation testifies as a fact witness in a trial involving another corporation does not imply an agency contract between the two corporations." Br. at 82. Taken with other facts Dell presented, a reasonable jury could infer that Mr. Brismark's involvement was evidence of agency.

1

Ericsson's presentation of the "undisputed" facts is incorrect. First, Ericsson argues that no express agency contract existed. However, no such requirement exists. *See* Dell Opening Brief, 12-13. Further, as shown below, countervailing evidence exists that show Ericsson's "undisputed" facts are in issue.

| Ericsson's assertion | Response |
|---|---|
| The right to sue … resided with LM Ericsson. | Ericsson-AB controlled the patents-in-suit (A6375,236:23-237:10; 5480:5-16), determined when it was time to file suit and directed LM-Ericsson to do so (A6393,237:24-A6394,238:8). |
| Ericsson AB does not own … the Patents-in-Suit. | See above. In addition, although the majority of inventors were employees of Ericsson-AB, which Ericsson does not dispute, the patents-in-suit were assigned to LM-Ericsson, without meaningful compensation. (A5475:24-A5476:11; A5480:5-12; 6387,309:10-15; A6490-91). |
| Ericsson AB could not have sued Dell …. | Irrelevant that LM-Ericsson was the assignee in view of evidence that the Ericsson-AB controlled the patents-in-suit, made the decision to sue Dell and instructed LM-Ericsson to do so. (*See id.*) The only evidence in the record was that LM-Ericsson sued Dell when Ericsson-AB instructed (A6393,237:24-A6394,238:8). |

B. **Dell's cellular license is consistent with the MPA license**

The MPA provides a personal license to Dell; it does not grant a license to Dell's suppliers or to Dell's customer's. When Dell sought to enter the cellular telephone space, Dell desired rights beyond those granted by the MPA. (A6333-5;

2

A6340-1,¶¶9,12-13). Specifically, Dell wanted its manufacturers and customers to be free and clear of any allegations of patent infringement from Ericsson. (*Id.*) Unlike other technology areas, such as Wi-Fi technology, suppliers of cellular technologies did not provide indemnity coverage. (A6341-2,¶14) Dell was thus required to obtain the necessary license. (A6341,¶¶12-13).

## ARGUMENT III

### A. The District Court Erroneously Expanded the Ongoing Royalty Award

Dell never waived its objection to the ongoing royalty award's applicability to "all devices that are in compliance with 802.11n." (A8886). In response to Ericsson's ongoing royalty motion, Defendants stated they did not agree that a royalty applied to all 802.11n or later devices, and that Ericsson's infringement proof at trial related to particular accused products. (A7891; A8880-1). At the post-trial hearing, Defendants only agreed that, if the district court denied their damages JMOL motion, "an ongoing royalty of 15 cents would be appropriate," (A1793,5:16-17), not that the ongoing royalty would also apply to products Ericsson had removed from its accused products list. Defendants thus never "intentionally relinquished" their challenge. *United States v. Andino-Ortega*, 608 F.3d 305, 308 (5th Cir. 2010).[3]

---

[3] Defendants had no obligation to challenge the ongoing royalty ruling in a motion

3

Contrary to Ericsson's assertion, Defendants need not prove that all of their 802.11n-compliant products "do not infringe." ***Ericsson*** had the burden of proving not only infringement, but also entitlement to an ongoing royalty. *See TiVo Inc. v. EchoStar Corp.*, 646 F.3d 869, 882 (Fed. Cir. 2011). Ericsson did not attempt to satisfy that burden—and relinquished its ability to collect royalties—for certain products that it withdrew from the case.

Dated: March 24, 2014

Frank G. Smith, III
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA 30309
(404) 881-7000

Respectfully submitted,

*/s/ Michael J. Newton*
Michael J. Newton
Dwayne C. Norton
Shaun W. Hassett
Alston & Bird LLP
2828 North Harwood Street, Suite 1800
Dallas, TX 75201
(214) 922-3400

*Attorneys for Defendant-Appellant Dell Inc.*

---

to alter or amend the judgment. *See Richardson v. Oldham*, 12 F.3d 1373, 1377 (5th Cir. 1994).

4

## CERTIFICATE OF SERVICE

I hereby certify that, on this 24th day of March, 2014, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Federal Circuit using the CM/ECF System, which will send notice of such filing to all registered CM/ECF users.

Dated: March 24, 2014  /s/ *Michael J. Newton*
Michael J. Newton

**Law Firm:** Alston & Bird LLP
**Address:** 2828 North Harwood Street, Suite 1800
**City, State, ZIP:** Dallas, Texas 75201
**Telephone:** (214) 922-3400
**Facsimile:** (214) 922-3899
**E-mail Address:** Mike.Newton@Alston.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), the undersigned hereby certifies that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(i).

1. Exclusive of the exempted portions of the brief, as provided in Fed. R. App. P. 32(a)(7)(B), the brief contains 6,985 words.[4]

2. The brief has been prepared in proportionally spaced typeface using Microsoft Word 2010 in 14 point Times New Roman font. As permitted by Fed. R. App. P. 32(a)(7)(B), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

Dated: March 24, 2014                    */s/ Michael J. Newton*
                                         Michael J. Newton

---

[4] Dell has added the words incorporated by reference from the Principal Reply to the words of this brief to confirm that it has not exceeded the word limit for this brief.